UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-659-FDW
(3:03-cr-125-FDW-1)

| | |
|---|---|
| JAMES MARK STEWART, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Respondent's Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 4), and on Respondent's Motion for Extension of Time to File Response/Reply, (Doc. No. 5).

### I. BACKGROUND

Petitioner was indicted by the Grand Jury for the Western District of North Carolina on July 28, 2003, and charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Crim. No. 3:03cr125-FDW-1, Doc. No. 1). Petitioner subsequently pled guilty to the Section 922(g)(1) offense. (Id., Doc. No. 11). Petitioner was sentenced to twenty-one months in prison and two years supervised release, with judgment entered on September 14, 2004. (Id., Doc. No. 15). Petitioner did not appeal. On July 11, 2006, Petitioner was sentenced to twelve months imprisonment for violating the terms of his supervised release. (Id., Doc. No. 25). Petitioner served his sentence and was released. Petitioner was subsequently convicted of bank robbery and using or carrying a firearm during a crime of violence, and he is awaiting

1

sentencing on that conviction.[1]  See (Crim. No. 3:10-cr-205-FDW).

October 5, 2012, Petitioner filed the pending motion to vacate his Section 922(g) conviction under Section 2255, Section 2241, coram nobis, and audita querela, arguing that, pursuant to the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), none of his prior convictions qualified as felony offenses for purposes of Section 922(g)(1) and that he is actually innocent, therefore, of the Section 922(g)(1) firearm offense of which he was convicted in this Court.  In its Response to the motion, Respondent contends that the Court should dismiss the petition because the motion is untimely and because Petitioner has served his entire sentence related to the conviction he challenges.

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.  As noted, the Government has filed a Response in opposition to Petitioner's Section 2255 motion.  After having considered the record, the Court finds that this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for the filing of a motion to vacate.  The limitations period runs from the latest of,

---

[1] On November 13, 2012, Petitioner's scheduled sentencing in Criminal Case No. 3:10-cr-205 was cancelled due to the pending Simmons issue raised in this Section 2255 petition.  See Crim. No. 3:10-cr-205, docket entry dated November 13, 2012.

2

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, Petitioner's judgment became final when his time for filing an appeal expired, or 14 days after this Court entered its judgment. See Clay v. United States, 537 U.S. 522, 530 (2003). Because Petitioner filed his Motion to Vacate more than one year after his conviction became final, his motion is untimely. Petitioner contends that his petition is timely under Section 2255(f)(4), which provides for a one-year time period for the filing of an initial Section 2255 motion after the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(4). Although Petitioner suggests that this provision applies to render his motion timely, "facts" as used in Section 2255(f)(4) refers to an actual or alleged event or circumstances, not to the date a petitioner recognizes their legal significance, United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005); see also Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) (construing the statute of limitations to 28 U.S.C. § 2254 and recognizing that "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance"). Section 2255(f)(4), therefore, may not be used to re-open the time period for filing an initial Section 2255 petition on the basis of new legal authority; rather, "subsequent

3

interpretations of the law 'can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3).'" Sun Bear v. United States, 644 F.3d 700, 702 n.5 (8th Cir. 2011) (en banc) (quoting district court opinion).

As Respondent notes in its brief, the Supreme Court's decision in Johnson v. United States, 544 U.S. 295 (2005), does not alter this analysis. In Johnson, the petitioner had successfully petitioned the state court to vacate a prior conviction that was used to enhance his sentence in federal court, and the Supreme Court held that the fact that the petitioner's prior conviction had been vacated was a fact sufficient to re-open the time period under Section 2255(f)(4). Id. at 308. Here, however, Petitioner is relying on a change of law, not a legal decision that had the legal effect of vacating his prior conviction altogether. Section 2255(f)(4), therefore, may not be used to re-open the time period for filing an initial Section 2255 petition on the basis of new legal authority; rather, "subsequent interpretations of the law 'can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3).'" Sun Bear, 644 F.3d at 702 n.5 (quoting district court opinion).

Petitioner also contends that the statute of limitations should be equitably tolled. As the Supreme Court has explained, a petitioner is entitled to the equitable tolling of his post-conviction motion only if he shows (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Here, Petitioner was released from prison after serving his sentence, and he did not file his motion to vacate until October 2012, even though Simmons was issued more than a year earlier. Additionally, having already served the sentence on his Section 922(g) conviction, Petitioner is only eligible for Section 2255 relief because he is in

4

custody again after having pled guilty in December 2010 to bank robbery and using or carrying a firearm during a crime of violence. Petitioner did not pursue his rights diligently, nor is Petitioner the type of defendant who should benefit from equitable tolling.

Finally, Petitioner seeks relief through a writ of error coram nobis or a writ of audita querela. Coram nobis relief is only available, however, when all other avenues of relief are inadequate and where the defendant is no longer in custody. Wilson v. Flaherty, 689 F.3d 332, 339 (4th Cir. 2012); United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988); see also Trenkler v. United States, 536 F.3d 85, 98 (1st Cir. 2008) (citing cases); see also Carlisle v. United States, 517 U.S. 416, 429 (1996) (noting that "'it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate'") (alteration in original) (quoting United States v. Smith, 331 U.S. 469, 475, n.4 (1947)). Here, Petitioner is in custody, rendering coram nobis relief unavailable. Similarly, audita querela relief is only available to "plug a gap in the system of federal postconviction remedies," United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992). Petitioner's claim does not fall within such a gap. Instead, since Petitioner has already served his prison sentence for the conviction he challenges here, his claim simply is not the complete miscarriage of justice that warrants a post-conviction remedy.

## IV.     CONCLUSION

In sum, Petitioner's Section 2255 petition is time-barred. Furthermore, he is not entitled to alternative relief.

**IT IS, THEREFORE, ORDERED** that

1.     Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28

U.S.C. § 2255, (Doc. No. 1), is **DENIED**, and the Section 2255 petition is **DISMISSED**. Furthermore, Petitioner is not entitled to alternative relief under Section 2241 or either the writs of coram nobis or audita querela.

2. Respondent's Motion for Extension of Time to File Response/Reply, (Doc. No. 5), is **GRANTED** nunc pro tunc.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability, as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy Section 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: January 3, 2013

Frank D. Whitney
United States District Judge